# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LINDA OHLIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:12-cv-0990 |
| MEDTRONIC, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Linda Ohlin ("Plaintiff" hereinafter) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant violated the FLSA by failing to pay Plaintiffs at time and one-half her regular rate of pay for all hours worked within a workweek in excess of forty hours.

## II.     PARTIES

3. Plaintiff Linda Ohlin is an individual who resides in this judicial district. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A".

4. Defendant Medtronic, Inc. is a Minnesota corporation licensed to do business in the state of Texas. Medtronic, Inc. may be served through its registered agent, CT Corporation, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

## III.     JURISDICTION AND VENUE

5. This Court has jurisdiction because Plaintiff has asserted a claim arising under federal law, and Defendant has sufficient minimum contacts with this forum subject itself to the jurisdiction of this District.

6. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## IV.     COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a regional administrative assistant from approximately February 1983 until February 2011. Plaintiff was an hourly paid employee.

13. As a regional administrative assistant, Plaintiff's job duties consisted of answering telephones, scheduling appointments and travel arrangements for the regional vice president, setting up conference rooms for meetings and other clerical and non-discretionary tasks.

14. Plaintiff regularly worked in excess of 40 hours a week. In the first several years of her employment, Plaintiff was paid for all of her overtime hours. Approximately six (6) years ago, the company changed its policy to only pay for five (5) hours of overtime per week, regardless of how many overtime hours were worked. A few months after that policy was implemented, the company stopped paying Plaintiff overtime altogether. However, Plaintiff continued to work in excess of 40 hours per week in order to complete her job duties.

15. Plaintiff's supervisors were aware she was working in excess of 40 hours per week because she would go in early and work through lunch on a regular basis.

16. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to compensate Plaintiff for hours worked in excess of 40 in a work week.

## VI.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17.   During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one and one-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII.   RELIEF SOUGHT

18.   WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

   b.   For an Order awarding Plaintiff the costs of this action;

   c.   For an Order awarding Plaintiff her attorneys fees; and

   d.   For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

  /s/ *Meredith Mathews*
**J. Derek Braziel**
Texas Bar No. 00793380
**Meredith Mathews**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**